# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ANTHONY SPENCER PHELPS,**

      **Plaintiff,**　　　　　　**CIVIL ACTION NO. 08-CV-10552-DT**

vs.

　　　　　　　　　　　　　　　**DISTRICT JUDGE PAUL D. BORMAN**

**AMERICAN GENERAL**　　　**MAGISTRATE JUDGE MONA K. MAJZOUB**
**FINANCIAL SERVICES, et al.,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**　　**RECOMMENDATION:** Defendant American General Financial Services' Motion to Dismiss (docket no. 2) should be **GRANTED**; Plaintiff's Motion for Default Judgment (docket no. 8) should be **DENIED**.

**II.**　　**REPORT:**

    **A.**　　**Facts and Procedural History**

This matter comes before the Court on the Motion to Dismiss filed by Defendant American General Financial Services (docket no. 2), and on the Motion for Default Judgment filed by Plaintiff (docket no. 8). These motions have been fully briefed and referred to the undersigned for decision. (Docket nos. 3, 12). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These motions are now ready for ruling.

This action arises out of the foreclosure of Plaintiff's property located in Oak Park, Michigan. (Docket no. 1). Defendants are American General Financial Services (the holder of one mortgage on Plaintiff's property (docket no. 1 at 43-44)) and the individual Defendants Leon and Sylvia Braisted who received a sheriff's deed to Plaintiff's property based on a different mortgage.

(Docket no. 1 at 43-44, 49). Plaintiff alleges that he entered into a mortgage contract with Fremont Investment and Loan on July 31, 1998 for the property. (Docket no. 1 ¶ 3). On July 11, 2006 a non-judicial foreclosure on the property occurred. (*Id.* ¶ 8). The individual Defendants took the sheriff's deed to the property. (*Id.* ¶ 9). Plaintiff claims that he unknowingly entered the mortgage contract with Fremont Investment and Loan because he believed he was going to be loaned money but that "[b]anks or financial institutions cannot lend money" and the "mortgage contract signed is an unconscionable agreement." (*Id.* ¶ 13). Plaintiff therefore argues that the sheriff's sale was void. (*Id.* ¶ 14). Plaintiff also alleges that Defendant American General "is assisting in making loans of credit with the intent of creating credit as money and laundering bank credit that is received directly of [sic] indirectly." (*Id.* ¶ 20).

Plaintiff claims that Defendants violated the Fair Debt Collections Practices Act by attempting to collect on the mortgage note which was void because it was obtained through fraud. (*Id.* ¶ 23). The allegations of fraud in the foreclosure proceedings also underlie Plaintiff's claim of a violation of the Racketeer Influenced Corrupt Organizations (RICO) Act. (*Id.* ¶ 21, 22). Plaintiff alleges that Defendants conspired to fraudulently take his home through trickery and misrepresentation in the initial eviction process and through Defendant American General illegally obtaining a state court order. (*Id.* ¶ 25). Plaintiff seeks as relief for the Court to award him title to his property and damages. (*Id.* at 6).

Defendant American General argues that it should be dismissed as a Defendant because Plaintiff has failed to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), failed to properly prepare the summons by obtaining the signature of the Clerk of Court and the seal of the Court under Fed. R. Civ. P. 12(b)(4), and failed to properly serve process under Fed. R. Civ.

P. 12(b)(5). (Docket no. 2).

Plaintiff's Motion for Default Judgment is based on Plaintiff's arguments that the individual Defendants failed to respond within the time allowed following service of the summons and complaint, and that Defendant American General failed to file a proper answer. (Docket no. 8). Defendant American General responds by arguing that its filing of its Motion to Dismiss precludes entry of a default judgment and that granting default judgment is not proper because the Clerk has not entered its default. (Docket no. 14). The individual Defendants argue that a default judgment is not proper because they were not served with proper summonses. (Docket no. 17).

**B.     Standard of Law**

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id.*). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id.*).

**C.     Analysis**

**1.     Defendant American General's Motion to Dismiss**

Plaintiff has failed to sufficiently plead fraud in his Complaint. A "party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Courts have construed this to mean that the time, place, and content of the alleged misrepresentation must be given. *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984); *FFOC Co. v. Invent A.G.*, 882 F. Supp. 642, 658-59 (E.D. Mich. 1994). The identity of the person making the misrepresentation must also be

given as well as what that person gained by the representation. *FFOC Co.*, 882 F. Supp. at 659. Plaintiff has not pled his allegations of fraud with particularity. Failure to state a fraud claim with particularity constitutes failure to state a claim. (*Id.*).

In addition, to the extent that possible alleged fraud is identified in Plaintiff's Complaint, the acts occurred during foreclosure proceedings or are integral to the rulings in the several state court orders referenced in Plaintiff's Complaint regarding the foreclosure and related proceedings. In one instance Plaintiff complains of an allegedly fraudulent date stamp on an Order Confirming Priority entered by the Circuit Court for Oakland County. (Docket no. 1 at 43-44). Plaintiff fails to allege how this allegedly fraudulent date stamp allowed any Defendant to improperly take his property or how any Defendant caused the Court to improperly stamp the document. But even if these facts were alleged, this Court is barred by the *Rooker-Feldman* doctrine from reviewing challenges to state court decisions. *See Carrington v. Federal Nat'l Mortgage Ass'n*, 2005 WL 3216226 (E.D. Mich. Nov. 29, 2005). Any claim of errors in state court proceedings due to fraud therefore fail to state a claim for relief. (*Id.*).

Because Plaintiff has failed to properly plead fraud, or because this Court is barred from reviewing the claims, the claims based on fraud should be dismissed. These claims are for violations of the Fair Debt Collections Practices Act and RICO, and for conspiracy. These claims may be based to some extent on Plaintiff's contentions that his mortgage contract is not enforceable because banks or financial institutions "cannot lend money" (docket no. 1 ¶ 13) or that they improperly created credit as money (*id.* ¶ 20). Courts have consistently found that similar allegations fail to state a claim for relief. *See Carrington*, 2005 WL 3216226; *Nixon v. Individual Head of St. Joseph Mortgage Co.*, 615 F. Supp. 898, 900-01 (N.D. Ind. 1985) (rejecting argument that bank or mortgage

company checks are worthless attempts to create "illegal tender"). Plaintiff has failed to state a claim upon which relief may be granted as a result of the foreclosure proceedings on his property.[1]

### 2. Plaintiff's Motion for Default Judgment

Plaintiff has improperly moved for default judgment before the Clerk has entered a default against any party. *See* Fed. R. Civ. P. 55(a), (b); *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 683 (N.D. Iowa 1995). Therefore, Plaintiff's motion is not on the proper procedural footing.

However, even if Plaintiff's motion was proper procedurally, the relief requested should still be denied because a default judgment may be properly granted only after the plaintiff has shown that defendants have been served as required by the Federal Rules. *Keller v. Owens*, 2007 WL 2702947 (D. Kan. Sept. 14, 2007) (unpublished); *Everetson v. Topeka Ass'n For Retarded Citizens*, 2005 WL 2988716 (D. Kan. Oct. 11, 2005) (unpublished). Rule 4(a), Fed. R. Civ. P., requires that a summons state the time within which the defendant must appear and defend, be signed by the Clerk, and bear the Court's seal. The individual Defendants show by the attachments to their Response that Plaintiff failed to serve a summons upon them which complies with Rule 4. The summonses served by Plaintiff on the individual Defendants fail to state the time within which to defend, are not signed by the Clerk, and do not bear the Court's seal. Plaintiff has not disputed this showing by the individual Defendants.[2]

In addition, a defendant may properly defend as required by Fed. R. Civ. P. 55(a) in ways

---

[1] Given this finding, the Court need not consider Defendant's alternative arguments for dismissal.

[2] The affidavit submitted by Plaintiff refers only to the summons sent to Defendant American General. (Docket no. 10).

other than filing an answer, such as by filing a motion to dismiss for failure to state a claim. Fed. R. Civ. P. 12(a)(4) (altering time period for filing answer upon filing of motion); *In re Sumitomo Copper Litig.*, 204 F.R.D. 58, 61-62 (S.D.N.Y. 2001). Plaintiff's only argument regarding Defendant American General is that it has not responded in the manner required for an answer. (Docket no. 8 at 2). There is no argument that Defendant's filing of its Motion to Dismiss was not timely or that the motion otherwise fails to satisfy its duty to defend under Rule 55(a). (*Id.*). Defendant American General timely filed its Motion to Dismiss within 20 days of service of the summons. (Docket nos. 2, 5). Therefore, Plaintiff's Motion for Default Judgment should be denied.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later

than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 30, 2008     s/ Mona K. Majzoub_____
              MONA K. MAJZOUB
              UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Anthony Specer Phelps and Counsel of Record on this date.

Dated: July 30, 2008     s/ Lisa C. Bartlett
              Courtroom Deputy