**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTHONY SPENCER PHELPS,

                Civil Case No. 08-CV-10552

      Plaintiff,            PAUL D. BORMAN
vs.                                 UNITED STATES DISTRICT JUDGE

AMERICAN GENERAL          MONA K. MAJZOUB
FINANCIAL SERVICES, ET AL.    UNITED STATES MAGISTRATE JUDGE

      Defendants.
_____ /

## ORDER DISMISSING PLAINTIFF'S COMPLAINT

On February 6, 2008 Plaintiff Anthony Spencer Phelps ("Plaintiff") filed a *pro se* Complaint against Defendants American General Financial Services ("American General"), and two individuals: Leon Braisted, and Sylvia Braisted ("Defendants Braisted").

### I. PROCEDURAL BACKGROUND

On February 29, 2008, American General filed a Motion to Dismiss based on Plaintiff's failure to state a claim upon which relief could be granted and the *Rooker-Feldman* doctrine.

On March 31, 2008, Plaintiff filed a Motion for Default Judgment against all three Defendants.

The Magistrate Judge issued a Report and Recommendation in favor of granting American General's Motion to Dismiss and denying Plaintiff's Motion for Default Judgment against all three Defendants. The Court adopted this Report and Recommendation on August 22, 2008. (Dkt. No. 19).

### II. FACTUAL BACKGROUND

Plaintiff has set forth in his Complaint that Defendants Braisted have violated the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). (Compl. ¶ 1). Additionally, Plaintiff also alleged that American General violated: (1) the FDCPA; (2) Racketeer Influenced and Corrupt Organizations ("RICO"); (3) Mail Fraud; (4) Fraud; and (5) Conspiracy. (*Id.*).

Plaintiff avers that he is the owner of a property located at 13031 Northfield Blvd. Oak Park, Michigan, 48237 ("the Property"). (*Id.* ¶¶ 1-2). Plaintiff states that he entered into a mortgage contract with Fremont Investment & Loan on July 31, 1998. (*Id.* ¶ 3). Plaintiff alleges he made timely mortgage payments. (*Id.* ¶ 4).

On July 11, 2006, Defendants Braisted purchased the Property through a non-judicial foreclosure and took a sheriff's deed to the property for $23,394.46. (Compl. 8, Ex. 3).

On January 4, 2006, the Oakland County Circuit Court issued an Order Confirming Priority.[1] (Compl. Ex. 4). This Order noted that there were two mortgages on the Property, and the junior mortgage was extinguished with the Sheriff's sale, but the first mortgage owned by American General was not extinguished. (*Id.*). The Order specified that Defendants Braisted had until June 1, 2007 to pay Plaintiff's mortgage balance as of January 12, 2007. (*Id.*). If Defendants Braisted did not pay this balance by June 1, 2007, then American General would receive the title and rights to the property. (*Id.*).

On February 21, 2007, Defendants Braisted brought an action for termination of tenancy against Plaintiff in 45B District Court of the State of Michigan. (*Id.* ¶ 10).

Thereafter, on April 23, 2007 and May 15, 2007, Defendants Braisted sent Plaintiff two

---

[1] The Court notes the Order of Conformity is erroneously dated January 4, 2006. The circuit court notes in the Order that Defendants Braisted purchased the Property on July 11, 2006. Therefore, it is clear from the face of the Order contains a typographical error, as the Order could not mention an action which had not yet taken place.

letters explaining they did not wish to proceed with the eviction, but advising Plaintiff of the fact that unless the balance of his second mortgage is paid in full he would be evicted and they would also lose the money they spent in the Sheriff sale. (Compl., Ex. 5 Letters). Defendants Braisted proposed to Plaintiff that they pay off the loan balance, and lease the Property to him until he was able to purchase the property from them for the amount they spent. (*Id*.).

Plaintiff alleges that the Oakland County Circuit Court Order was procured by fraud, and the mortgage was not valid because he believed that he was being loaned money but banks and financial institutions cannot lend money, and consequently, the Sheriff's sale was void.

### III. ANALYSIS

Pursuant to Fed. R. Civ. P. 12(h)(3), if the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Plaintiff contends that diversity is premised upon diversity pursuant to 28 U.S.C. § 1332, however Defendant Braisted are residents of Michigan as is Plaintiff. Therefore, diversity jurisdiction does not exist. However, Plaintiff has alleged a violation of a federal statute – the FDCPA. Consequently, Plaintiff's Complaint appears to have proper federal jurisdiction pursuant to 28 U.S.C. § 1331.

In the instant case, Plaintiff only makes one claim against Defendants Braisted; Defendants Braisted violated the FDCPA. However, Plaintiff fails to allege any facts, circumstances, or any conduct by Defendants Braisted other than being the purchasers at a non-judicial foreclosure and sending two letters to Plaintiff to which he did not respond. To the extent Plaintiff wishes for this Court to reevaluate the priority of his mortgages or the validity of the lower court decisions, this action violates the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine is based upon the principle that a federal district court does not have appellate jurisdiction to review a state court judgment, as that power is reserved to the Supreme Court under 28 U.S.C. § 1257. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005). In *Exxon Mobil* the Supreme Court explained:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgment.

*Id*. at 284.

In the instant action, Plaintiff is a "state court loser" who now seeks, in effect, to have this Court review the previous state court decision and render a different decision. (Compl. ¶¶ 5, 10). The Court finds this action is jurisdictionally barred under the *Rooker-Feldman* doctrine.[2]

To the extent that Plaintiff does not seek to have the Court reevaluate the lower court decision, Plaintiff's claim is still deficient as it fails to state a claim upon which relief can be granted.

Plaintiff has alleged no facts in his Complaint which could bring Defendants Braisted under the umbrella of the FDCPA.

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA defines a "debt collector" as

---

[2] Additionally, the Court notes that Plaintiff's complaint is without sufficient facts or specificity to allege fraud pursuant to Fed. R. Civ. P. 9(b).

any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect directly or indirectly, debts owned or due or asserted to be owed or due. . . .

15 U.S.C. § 1692a(6). Here, Plaintiff has failed to allege or set forth facts which evidence that Defendants Braisted were "debt collectors" or that Plaintiff owed Defendants Braisted a debt. Nor, has Plaintiff alleged any action Defendants Braisted took to collect a "debt". Although Defendants Braisted sent two letters to Plaintiff, neither of these letters sought payment for a debt, nor did Plaintiff respond to the letters.

Therefore, Plaintiff's claim fails for lack of jurisdiction or alternatively, as a matter of law.

### IV. CONCLUSION

For these reasons, the Court **DISMISSES** Plaintiff's claims against Leon Braisted, and Sylvia Braisted.

**SO ORDERED.**

s/Paul D. Borman<br>
PAUL D. BORMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: August 29, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 29, 2008.

s/Denise Goodine<br>
Case Manager